UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| EDWARD P. GARDNER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 3:25-CV-580-TAV-JEM |
| SHAWN PHILLIPS and STACEY OAKS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court [Doc. 11]. For the reasons set forth below, the Court will **DISMISS** the complaint because it fails to state a claim upon which relief may be granted.

### I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the

relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

II.   ALLEGATIONS

In his complaint, which he signed on May 19, 2025, Plaintiff claims that, due to a new prison policy, programs stopped sending prisoners free books in the mail [Doc. 1, pp. 3, 4, 11]. Specifically, Plaintiff states that when a new warden, presumably Defendant Phillips, started at MCCX, the warden "stopped all free book programs from sending us indigent inmates with no family any books," and that ultimately, a memorandum was

2

issued that stated books could only come from three approved vendors [*Id.* at 4]. In support of this claim, Plaintiff attached a letter to him from a TDOC Assistant Commissioner L.R. Thomas dated September 18, 2024, regarding purchasing of books, in which Assistant Commissioner Thomas indicates that MCCX implemented changes to the book ordering process "to prevent [and] deter . . . contraband introductions for the safety of all concerned" [Doc. 1-1, p. 1]. Assistant Commissioner Thomas further states in this letter that while these changes may cause temporary inconvenience, "[o]rganizations that provide free books are encouraged to work directly with the facility to ensure they follow the appropriate donation procedures" [*Id.* at 1]. Plaintiff also included a copy of a TDOC memorandum from Defendant Oakes dated August 16, 2024, stating that books could only come from three specified vendors [*Id.* at 2].

Plaintiff additionally claims in his complaint that prisoners in "the hole" or on administrative high security status due to a punitive charge cannot receive library books [*Id.* at 4, 5]. In a letter dated April 24, 2024, that he filed with his complaint, Plaintiff makes statements relevant to this claim [Doc. 1-2]. Specifically, Plaintiff states in this letter that he is "in the hole" for a punitive charge of refusing a cell assignment that arose after he wrote a letter regarding a prison gang and shanks and "cut a pair of state jeans into shorts" [*Id.* at 1–2]. Plaintiff further asserts that he cannot get a library book in this placement even though "th[e]y don't say anything about not being able to get a library book on a punitive charge" [*Id.*]. However, Plaintiff also states in this letter that "the librarian comes once a week" but did not come to work or deliver books on April 23, 2025 [*Id.* at 2]. Plaintiff further avers in this letter that he is "in a 5x8 cell with no tv [and] no

3

books freezing [and] starving," that a "laundry man" stole clothes he received because he completed a six-week Bible study, and that he has sought a transfer to Memphis for more than a year [*Id.* at 1].

Plaintiff has sued MCCX Warden Shawn Phillips and MCCX Assistant Warden of Security Stacy Oakes [*Id*. at 1–2]. As relief, Plaintiff requests that he be allowed to receive free books or a library book or a transfer to Memphis or Nashville [*Id*. at 5].

**C.     Analysis**

First, Plaintiff's allegations regarding the MCCX policy that only allows prisoners and other individuals to order books through three approved vendors due to concerns about contraband and safety do not allow the Court to plausibly infer a violation of his constitutional rights. Because maintaining security and order is paramount in a prison, prison officials are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 546–47 (1979). Moreover, "[i]t is well established that prison officials may limit a prisoner's receipt of publications to authorized vendors." *Percival v. McGinnis*, 24 F. App'x 243, 247 (6th Cir. 2001) (citing *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 103–04 (6th Cir. 1991)). As such, the Court cannot plausibly infer a violation of Plaintiff's constitutional rights from the fact that organizations who send prisoners like Plaintiff free books now must use only the approved book vendors.

Plaintiff's claim that he cannot access library books during his punitive housing in high security also does not allow the Court to plausibly infer that any named Defendant

4

violated his constitutional rights. Plaintiff indicates that prison officials have not stated that individuals in punitive confinement cannot obtain library books, and that the librarian visits his punitive housing placement once a week and only failed to visit that placement on April 23, 2025, which he speculates was due to her not coming to work on that day [Doc. 1-2, p. 2]. In short, Plaintiff essentially acknowledges that there is not an official policy that prevents him from receiving library books during his punitive confinement and does not set forth any facts suggesting that any named Defendant has played any role in denying him library books during this confinement. As such, these allegations are insufficient to plausibly allege that any Defendant may be liable under § 1983 for Plaintiff's apparent lack of access to library books during his punitive confinement. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (internal quotation marks and citations omitted).

      Lastly, it does not appear that Plaintiff seeks relief from the Court based on his general allegation that he is "freezing [and] starving" during his punitive confinement. However, to the extent that Plaintiff does seek relief based on this assertion, he again has not provided any facts from which the Court could find that these conditions of Plaintiff's

5

confinement rise to the level of a constitutional violation for which any Defendant may be liable under § 1983. *Iqbal*, 556 U.S. at 681 (formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief); *Frazier*, 41 F. App'x at 764; *Troutman*, 979 F.3d at 487–88.

### III. CONCLUSION

For the reasons set forth above:

1. Even liberally construing Plaintiff's complaint, it will be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted; and

2. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE